# SOMERVILLE *v.* DELTA GROCERY & COTTON CO.

(Division A. June 17, 1929. Suggestion of Error sustained in part. Feb. 16, 1931.)

[130 So. 95. No. 28169.]

L. E. Farley, of Memphis, Tenn., and R. J. Farley, of Oxford, for appellant.

Maynard, Fitzgerald & Venable, of Clarksdale, for appellee.

Argued orally by **L. E. Farley**, for appellant.

**McGowen, J.**, delivered the opinion of the court.

Dr. T. H. Somerville, living at Oxford, Mississippi, owned a plantation in Coahoma county, which was leased to E. P. & J. P. Tomlinson. The Delta Grocery Company had been supplying the tenants, but refused to supply them further unless Dr. Somerville waived his landlord's lien, which he did by the following letter:

"March 4, 1926.

"To Delta Grocery & Cotton Company, Clarksdale, Miss.

"Gentlemen: If you will sell E. P. Tomlinson, a lessee of my land known as 'Somerville Place' near Lula, Mississippi, this year all supplies necessary for the furnish-

ing of his tenants thereon and the successful production of the crops therefrom to the maximum amount of forty-five hundred dollars ($4,500), I hereby waive the priority of my lien as landlord for rents against said crops and against J. P. and E. P. Tomlinson to that amount for this current year of 1926 in your favor.

"T. H. Somerville."

Subsequently it was agreed that the Delta Grocery Company should handle the cotton on this place, reserve the amount furnished as waived, and pay the balance to Dr. Somerville. Later Dr. Somerville made an additional waiver for two hundred dollars, making a total waiver of four thousand seven hundred dollars. The total amount of the proceeds of the crop was about five thousand dollars. The rent due Dr. Somerville was three thousand dollars payable December 1st, evidenced by note.

Dr. Somerville filed his bill to recover the amount of specific items set forth in the bill, and to hold the Delta Grocery & Cotton Company as trustee, for the amount of the proceeds of the cotton in excess of what he claimed was properly furnished under the waiver contract. The court below allowed only the item of interest.

The items objected to, in this court, under the waiver are:

1. Cash advanced, one thousand eight hundred forty-two dollars and sixty-three cents.

2. Drafts, cash, signed by J. P. Tomlinson, six hundred ninety dollars.

3. Cash for a fine assessed against a subtenant of Tomlinson, twenty-nine dollars and thirty cents.

4. Candy, chewing gum, cakes, and merchandise of that kind claimed not to be necessary to the successful production of a crop, four hundred seven dollars and twenty-three cents.

5. It appears from the evidence that, in the items of cash advanced, mules and horses were bought therewith. At the close of the year, Tomlinson sold the mules and horses and paid the proceeds to the Delta Grocery Com-

pany. Appellant contends that he is entitled to recover this amount. The Delta Grocery & Cotton Company had a mortgage on the live stock and personal property of the tenant. This amount is five hundred twenty-one dollars.

The witnesses for appellee testified that it was the usual and general custom in that part of the delta to furnish tenants and subtenants with one-third cash; that plantations could not be manned with labor unless they were furnished cash, and that all the articles furnished were such as were usually furnished tenants in that part of the delta.

Under the terms of the waiver, were the items objected to properly chargeable as against Dr. Somerville's claim as landlord for the rent of his plantation?

In the court below the chancellor disallowed all the claims above set forth, but rendered a decree in favor of the appellant for one hundred ten dollars and interest, and the appeal here presents these questions to this court.

First, as to the first item, cash advanced one thousand eight hundred forty-two dollars and sixty-three cents, the appellant insists that the words, ''if you sell . . . all supplies necessary for the furnishing of his tenants thereon and the successful production of the crops thereon,'' should be construed in the narrow restricted sense; that the word ''sell'' cannot be applied to cash advances: that to sell supplies does not include the advancement of cash; that, therefore, Dr. Somerville did not waive his landlord's lien as to any cash advances; that the word ''sell'' is of fixed and definite legal meaning—the transfer of title in property for a money consideration; that domestic money is not susceptible to barter and sale on its face. This reasoning of appellant would appear to be sound and logical, but, when we take the word ''sell,'' as used in this waiver, in connection with the other words following, which we have quoted, supra, then we think that when the whole sentence is construed together in the

light of the condition which existed in the delta section of this state, as shown by this record, and especially in Coahoma county, and when we consider the further fact that Dr. Somerville had owned the plantation for about twelve years and therefore must be acquainted with conditions, to apply the letter rather than the spirit of the contract would be destructive of it and would not be a fair implication to be deduced therefrom. The supplies necessary were to be furnished to the end that there should result a successful production of crops. There is evidence in the record to the effect that it was necessary to furnish this cash, as well as customary among the landlords of that county, in order to obtain and retain the labor which is the sine qua non to the successful operation of the cotton raising industry. Assuming that Dr. Somerville knew cash was usually furnished tenants in that community, the rationale of the contract was that it did not make any difference to the landlord whether it was furnished in cash or groceries. It appeared soon after the waiver that it was necessary for the tenants to have live stock, mules, and horses, and on March 17 of that year cash to the amount of three hundred dollars was advanced to purchase mules and horses. A grocery store does not keep mules and horses on the shelf to be handed out to the customers. Mules and horses are necessary to the production of a crop, unless more expensive utilities are employed. Now is it to be said that, because the merchant in this case did not personally buy the mules and horses, take title in himself and resell them to the tenant, this item would be disallowed simply for the reason that the waiver says ''sell'' and ordinarily cash is not sold across the counter? We think not. Another illustration, as crops grow and rain falls there is a season of the year when it is known to every farmer having any knowledge of the delta situation that, unless extra hands are hired to combat the grass, there will not be a successful operation. The cotton crop must be hoed,

and these extra hands must be paid, or else the operation is a failure. We think these illustrations sufficiently demonstrate the situation. There was no profit to the merchant to furnish cash instead of goods. The chancellor accordingly held on the record in this case that the cash items as advanced by the appellee were properly charged as being within the terms of the waiver. Ordinarily the word "supplies," as applied to material objects, is understood to mean, in its restricted sense, any substance that is consumed in use, but, under this contract, looking to the end that there be a successful operation, any substance which would contribute materially to the end sought to be accomplished must be said to be within the meaning of the term "supplies," as used by Dr. Somerville in this waiver. See 4 Words & Phrases, Second Series, page 799. Also Grants Pass Trust Co. v. Enterprise Mining Co., 58 Or. 174, 113 Pac. 859, 34 L. R. A. (N. S.) 395. We think the chancellor's holding was correct as to this item under the facts of this case.

Second, as to the third item, cash for a fine assessed against a subtenant of Tomlinson, twenty-nine dollars and thirty cents, we think the appellant is entitled to recover this sum for the reason that there is no substantial showing that it was necessary to pay a fine assessed against some tenant, and, in the absence of explanation, standing alone, it cannot be said that the advancement of this item was necessary to the successful operation of the plantation. In this respect we disagree with the chancellor, and this item of cash advanced will be allowed to appellant.

Third, as to the second and fourth items we cannot say that the chancellor was manifestly wrong in his holding, and we will not disturb the finding.

Fourth, it appears from the evidence that, in the items of cash advanced, mules and horses were bought therewith. At the close of the year, Tomlinson sold the mules and horses and paid the proceeds to the Delta Grocery

Company. Appellant contends that he is entitled to recover this amount. The Delta Grocery & Cotton Company had a mortgage on the livestock and personal property of the tenant, and on the mules and horses purchased with the money advanced, to which we have referred in discussing item 1, and received the amount of five hundred twenty-one dollars. As to three hundred dollars of this amount we are advised by the record that the mules and horses were purchased with cash advanced on Dr. Somerville's waiver, and it would be unconscionable, inequitable, and unjust to allow the appellee on the strength of this waiver to advance the cash with which to purchase these mules and horses and then to use the proceeds of the sale of the same mules and horses during the same year on its own debt, and we think the appellant was entitled to recover this amount, because, while properly advanced under the waiver, it amounted to an advancement by the appellee to itself on its risk or debt. As to the balance of two hundred twenty-one dollars, there is nothing in this record to show the source from whence it came or what interest the appellant could have in that amount.. The appellant is entitled to recover for this three hundred dollars, which, as we have said, is tantamount to an advancement by the appellee to itself on its debt and could not be charged as against the waiver under these circumstances.

Appellee's sole contention in answer to this is that appellant did not sue in his bill for this amount on this particular ground. This is unsound, for the reason that appellee on his examination disclosed that he had collected this item, and therefore we think the scope of the bill warrants a recovery.

We conclude that appellant is entitled to recover from the appellee, in addition to the amount of the decree rendered in the court below, the sums of twenty-nine dollars and thirty cents and three hundred dollars, making a total of three hundred twenty-nine dollars and thirty

cents, with the legal rate of interest thereon from January 1, 1927.

Affirmed in part; reversed in part; and decree here.

## On Suggestion of Error.

**McGowen, J.,** delivered the opinion of the court on suggestion of error.

On the suggestion of error herein we think proper to make clear the opinion as to the fourth item, in which we approve the finding of the chancellor. The opinion should have set forth that the finding of the chancellor as to these items was not manifestly wrong (we quote the chancellor): "While there are a number of items on the account introduced in evidence, which in the opinion of the court may not have been necessary supplies for furnishing the tenants and for the production of a crop, as for instance candy, chewing gum, and things of that kind which are on the account, yet those items are immaterial since the account and the proof shows that the defendants furnished sufficient items that were necessary for furnishing the tenants to take up more than the full amount of four thousand eight hundred and sixty dollars in favor of which the complainant had waived his lien."

As to the fifth item herein there was a claim of appellant for five hundred twenty-one dollars as wrongfully charged against his waiver. The entire item challenged was five hundred twenty-one dollars, and we were of the opinion that appellant should recover three hundred dollars of this amount as cash advanced on Dr. Somerville's waiver for live stock, and subsequently recovered by the appellee. On a re-examination of the record, we are of the opinion that the entire amount of five hundred twenty-one dollars should have been allowed. It is not contradicted in this record that this amount was collected by the appellee in virtue of a trust deed executed by the tenants in its favor. In other words, the appellee, had

this additional security to the waiver of Dr. Somerville and collected same. The entire item here under consideration should be recovered by the appellant under the authority of H. & C. Newman, Inc., v. Delta Grocery & Cotton Co., 138 Miss. 683, 103 So. 373, 104 So. 157. This was money collected from the tenants on other security than the waiver, and the additional amount of two hundred twenty-one dollars is upon a parity with the item of three hundred dollars, allowed by this court in the original opinion.

The judgment of the court will be amended in this behalf so that the appellant will be allowed to recover five hundred twenty-one dollars instead of three hundred dollars, the amount allowed by us heretofore. As to all other matters, the suggestion of error is overruled.

Suggestion of error sustained in part, and overruled in part.